E. A. PEARCE & SON, APPELLANTS; vs. A. W. JORDAN, APPELLEE.

1. Where the pleadings are in such a defective condition as to make it manifest that the jury who tried the cause could not have had an intelligent apprehension of the issues to be tried, the judgment will be reversed, and the cause remanded for a new trial.

2. The Supreme Court will not consent to sit as an arbitrator between the parties to a cause brought up by appeal or writ of error.

Appeal from the Circuit Court of Santa Rosa.

This case was argued at Marianna and decided at Tallahassee.

*C. C. Yonge* for appellants.

*C. C. Henderson* and *G. G. McWhorter* for appellee.

DuPONT, C. J., delivered the opinion of the Court.

This is an appeal from a judgment rendered in the Circuit Court of Santa Rosa county, at the suit of the appellee against the appellants. The action was brought to recover the value of a lot of pine saw logs, alleged to have been sold and delivered by the plaintiff to the defendant. Besides the common counts, the declaration contained a special count on the contract for the cutting and delivery of the logs. To this declaration the defendant pleaded the general issue of non assumpsit, and a special plea setting forth the contract with an averment of *damages* for the non-performance of the same. There was also a plea of set-off and of payment *of a specified sum of money*, concluding with a verification. There was a demurrer to the second plea, and also a demurrer to the replication to the third plea. The record shows that at the time that the cause was submitted to the jury, both of these demurrers remained undisposed of, and that no issue had been joined on the various pleas, with the exception of that of the general issue. It also appears that there were two trials of the case, both of which resulted in favor of the plaintiff. On the first trial, the verdict was for the sum of three hundred and twenty-eight dollars and eighty-eight cents. That verdict was set aside and a new trial awarded on motion of the defendant. The grounds of that motion were as follows, viz: "1st. That the verdict is contrary to evidence. 2d. That it is contrary to the weight

of evidence. 3d. That is contrary to law. 4th. That it is contrary to the charge of the Court." On the second trial, a verdict was rendered for one thousand, one hundred and thirty-three dollars and forty-one cents. The defendant moved to set aside this second verdict, on the same grounds as those alleged against the first verdict, but the motion was denied and judgment was accordingly entered up. It is from that judgment that this appeal is taken.

The assignment of errors in this Court is as follows :

" 1st. That the Court erred in refusing a new trial.

" 2d. In admitting the testimony of witness Catur, so far as the same related to the admissions of E. A. Pearce of the agency of T. M. Ellis.

" 3d. In proceeding with the trial and rendering judgment on the verdict, when the several demurrers to pleas and replications were undisposed of."

The conclusion at which we have arrived upon a very careful examination of the whole record, renders it unnecessary that we should consider the first and second errors assigned ; our attention therefore will be confined to the third and last. The error thus assigned is very fully sustained by the record. It is there made to appear that there was a demurrer to the second plea, and also a demurrer to the replication to the third plea. These two demurrers appear to have been standing open and undisposed of when the cause was submitted to the jury. Besides this, there was no issue joined on either of the three special pleas. Without undertaking to say how far the defendant may be considered as having waived the defences embraced in his special pleas, by consenting to go to trial before issue was properly joined, or the several demurrers were disposed of, it is very manifest that the state of the pleadings was well calculated to confuse the mind of the jury and to render it impossible that they should render an intelligent verdict.

The marked and extraordinary discrepancy between the two verdicts, (especially when the grounds for setting aside the first verdict are considered,) affords ample proof of this, and we think that the cause of justice will be subserved by remanding the case for a new trial, when the pleadings can be properly made up and the issues be presented in an intelligible form.

In the case of McKinnon vs. McCullom, 6 Fla. R., 376, this Court held that it was sufficient cause to reverse the judgment rendered in that case and remand the cause for a new trial, because it appeared that the trial was had while certain of the pleadings remained undisposed of. Whether the decision in that case is to be taken as the announcement of a rule of law of general application, or to be confined to the state of the pleadings as they were found to exist in that case, it is unnecessary to decide. We think, however, that it sustains the conclusion arrived at in this case.

By an agreement entered into between the counsel who argued the cause in this Court, and of file, it was stipulated in substance, that should the Court arrive at the conclusion that there was sufficient error to cause the judgment to be reversed, then they were requested to examine the evidence, and from it to determine the proper amount between the parties, and for which amount so to be found, a judgment was to be entered at the next term of the Circuit Court.

With a full appreciation of the motive which induced this agreement, and with every disposition to accommodate the parties in their laudable desire to end this controversy, we think it would be too great a departure from the line of our prescribed functions to comply with their request. The jurisdiction of the Supreme Court is "appellate only," and it is inadmissible for the Justices to sit as arbitrators between the parties to a cause. If it be desirable to dispense with a jury and to have the case investigated by the Court, the

parties will be afforded the opportunity (under the provisions of the statute,) when the case comes up on the new trial in the Court below.

It is ordered that the judgment be *reversed*, the verdict set aside and a new trial granted, with leave to amend the pleadings in the Court below. It is further ordered that each party shall pay his own costs accruing upon the taking and prosecuting of the appeal.